### HEELER AND PETTUS v. GIST.

SWAMP AND OVERFLOWED LANDS—*Title in fee, in whom vested.*—The fee, in
swamp and overflowed lands of the State, remains in the State until the
execution of a deed by the Governor, when it passes, and the deed is con-
clusive evidence, in a court of law, of the title of the holder.

APPEAL FROM SEBASTIAN CIRCUIT COURT.

HON. E. D. HAM, *Circuit Judge.*

*Garland & Nash*, for Appellants.

The rule that once obtained requiring a party, having a
mere equity in land, to resort to a court of equity to attack a
deed or patent, has been changed, and the case can be heard
in a law court. *Trulock vs. Taylor*, 26 *Ark.*, 54.

*Benjamin T. Du Val*, for Appellee.

HARRISON, J.—This was an action by Andrew I. F. Gist,
against John Heeler, to which W. W. Pettus was, on his ap-
plication, made a co-defendant, to recover the possession of
the east half of the north-east quarter of section thirty, in
township five, range thirty west. The answer of the defend-
ants was a general denial of the matters alleged in the com-
plaint. The court, sitting as a jury, found: That the defend-
ant Pettus, on the 31st day of December, 1857, attempted to

enter the tract of land, in controversy, which was a portion of the swamp and overflowed lands of the State, at the State Land Office, at Clarksville, but through mistake, applied for and entered the east half of the south-east quarter of the section, and that he afterwards, on the 1st day of September, 1860, made application to the Land Agent to change the entry, in accordance with his intention when the entry was made, and the agent made an alteration in his certificate, by erasing the word "south," and writing, in lieu of it, the word "north," so as to describe the land in controversy, and also made the following indorsement upon it:

"Corrected so as to agree with the plats and office records.

L. C. HOWELL, *State Land Agent.*

*Clarksville District, Sept.* 12, 1860."

The plaintiff, on the 20th day of January, 1868, entered at the same office, the north-east quarter of the said quarter section, the north half of the same tract. And on the 4th day of February, 1869, the south-east quarter of the quarter section, the south half thereof, at the office of the Commissioner of State Lands, and afterwards received, from the Governor, deeds dated respectively, the 4th and the 19th day of February, 1869, for both parcels; and that the defendants, at the commencement of the suit, were in possession of the land.

The deeds from the Governor conveyed the fee in the land, which until then, remained in the State, and are conclusive evidence, in a court of law, of the plaintiff's title.

If Pettus has an equitable right to the land, concerning which we express no opinion, a court of equity is the proper and only forum, in which to assert it. *Campbell vs. Garven,* 5 *Ark.,* 485; *Bacon vs. Tate,* 22 *Ark.;* *Masters vs. Eastis,* 3d *Port,* 368; *Bagnell vs. Broderick,* 2 *Peters,* 436; *Patterson vs. Winn,* 11 *Wheat,* 380; *Jackson vs. Lawton,* 10 *John* 23.

There is no error, therefore, in the judgment of the court below, and the decree is affirmed.